PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL M. HAHN, ) | CASE NO. 5:10 CV 00279 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JUDGE BENITA Y. PEARSON |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM AND ORDER** |

Plaintiff Paul M. Hahn sought judicial review of the Social Security Administration's ("Agency") final decision denying his applications for Disability Insurance Benefits and Supplemental Security Income (collectively "benefits"), pursuant to 42 U.S.C. § 405(g). For the reasons provided below, the Court affirms the Agency's decision denying benefits to Paul M. Hahn.

**I. Procedural History**

On March 25, 2006, Hahn filed applications for benefits alleging a period of disability that began on July 2, 2003. (TR 111-114, 115-117.) After his applications were denied, initially and upon reconsideration, Hahn requested a hearing before an Administrative Law Judge ("ALJ"). (TR 88). The hearing was held on December 16, 2008. (TR 24-72.) The ALJ denied Hahn's applications on March 18, 2009. (TR 10-23.) On December 9, 2009, the Appeals Council denied Hahn's request for written review, making the decision of the ALJ the final

(5:10 CV 00279)

Agency decision.  (TR 1-4.)  Hahn now seeks judicial review of the Agency's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  ALJ Findings

The ALJ made the following findings in pertinent part:

1. Mr. Hahn meets the insured status requirements of the Social Security Act through December 1, 2009.  (TR 15.)

2. Mr. Hahn engaged in substantial gainful work activity from June 27, 2005 through January 20, 2006.  Mr. Hahn has not engaged in substantial gainful activity at any other time since July 2, 2003, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).  (TR 15.)

3. Mr. Hahn has the following severe impairments: major depressive disorder and panic disorder . . . (20 CFR 404.1521 *et seq*. and 416.921 *et seq.*).  (TR 15.)

4. Mr. Hahn does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).  (TR 16.)

5. After careful consideration of the entire record, [the ALJ found] Mr. Hahn ha[d] the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Mr. Hahn is limited to simple to moderately complex tasks that involve few changes and can be performed independently. He cannot perform work requiring more than superficial interaction with supervisors and co-workers or any direct interaction with the general public.  (TR 17.)

6. Mr. Hahn is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).  (TR 21.)

7. Mr. Hahn has not been under a disability, as defined in the Social Security Act, from July 2, 2003, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).  (TR 22.)

(5:10 CV 00279)

### III. Standard for Establishing Disability

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, Agency regulations prescribe a five-step sequential evaluation. If a claimant can be found disabled or not disabled at any step of the sequential evaluation, the review ends at that step. 20 C.F.R. § 404.1520(a). At Step One, the ALJ considers the claimant's current work activity. A claimant is not disabled if engaged in substantial gainful activity, *i.e.*, working for profit. At Step Two, the ALJ considers the medical severity of the claimant's impairments. A claimant is not disabled if he does not have a severe medically determinable physical or mental impairment that also meets the duration requirement in 20 C.F.R. § 404.1509, or a combination of impairments that are severe and meet the duration requirement. At Step Three, the ALJ determines whether the claimant's impairment meets or equals one of the criteria of an impairment listed in Appendix 1 while meeting the duration requirement. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1. A claimant is disabled if he has an

(5:10 CV 00279)

impairment that meets the listing and the duration requirement.

Before considering the fourth step, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), *i.e.*, the claimant's ability to perform physical and mental work on a sustained basis despite limitations from impairments. At Step Four, the ALJ considers whether the claimant's RFC permits him to perform his past relevant work.

At the final step–Step Five–the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant may perform any work available in the national economy. Even if the claimant's impairment prevents him from doing his past relevant work, the claimant is not disabled if other work exists in the national economy that he can perform. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (describing five-step evaluation).

The claimant bears the burden of proof at Steps One through Four. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984) ("A social security disability claimant bears the ultimate burden of proof on the issue of disability."). This means that claimant bears the ultimate burden of proof regarding the issues of disability and the establishment of a disability onset date. *See* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled."); *McClanahan v. Comm'r of Soc. Security*, 474 F.3d 830, 836 (6th Cir. 2006).

(5:10 CV 00279)

At Step Five of the sequential evaluation, the burden shifts to the Agency[1] to identify "a significant number of jobs in the economy that accommodate the claimant's residual functional capacity ([as] determined at [S]tep [F]our) and vocational profile." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also* 20 C.F.R. § 404.1512(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("[The Agency] bears the burden of proof at [S]tep [F]ive, which determines whether the claimant is able to perform work available in the national economy.").

### IV. Judicial Review of the Final Agency Decision

Judicial review of the ALJ's decision denying disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Agency properly applied relevant legal standards. *Brainard v. Sec'y of Health and Human Servs.*, 889F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). Under 42U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. "Substantial evidence [is] more than a scintilla of evidence, but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.,* 25 F.3d 284, 286 (6th Cir.1994).

In determining the existence of substantial evidence, the reviewing court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*,

---

[1] The Agency's actions are carried out by the Commissioner of the Social Security Administration and his representatives.

(5:10 CV 00279)

667 F.2d 524,535, 536 (6th Cir. 1981); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528. 535 (6th Cir. 2001). The ALJ's decision must be affirmed if it is supported by substantial evidence even if the reviewing court would have decided the matter differently or substantial evidence also supports a different conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir.1999); *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Agency may proceed without interference from the courts. *Mullen*, 800 F.2d at 545 (6th Cir. 1986). A district court may consider evidence in the record, regardless of whether it has been cited by the ALJ. *Id*. The reviewing court, however, may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard*, 889 F.2d at 681; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### V. Analysis

Hahn raises two arguments on appeal:

(A) The ALJ did not articulate a valid argument for finding Hahn not credible.

(B) The ALJ failed to meet his burden at Step Five of the Sequential Evaluation because he did not have substantial evidence to find that Hahn was capable of performing jobs that exist in significant numbers in the regional and national economies.

-6-

(5:10 CV 00279)

ECF No. 11 at 7,9. The Court finds Hahn's arguments without merit for the reasons provided below.

### A. The ALJ Properly Evaluated Hahn's Credibility and the ALJ's Credibility Determination is Supported by Substantial Evidence

Hahn contends that the ALJ improperly evaluated his credibility. In support of this assertion, Hahn relies upon to the Social Security Regulation 96-7p, which requires the ALJ to consider the entire record when assessing a claimant's complaints of pain. Hahn contends that the ALJ ignored this requirement when he found Hahn not credible to the extent that his complaints and limitations were inconsistent with the ALJ's residual functioning capacity determination. Hahn argues that his allegations of being disabled and unable to work as a result of suffering from panic attacks, agoraphobia, and adult attention deficit disorder (TR 17) were consistent with the evidence on the record. ECF No. 11 at 9. Hahn concludes that the ALJ's failure to find him not credible is not based on substantial evidence, and therefore cannot be supported. ECF No. 11 at 9.

The Court disagrees. The record reveals that the ALJ properly evaluated Hahn's credibility pursuant to both relevant Social Security rules and Sixth Circuit case law.

The Agency's rules governing disability determination establish a two-step process for evaluating pain. *See* 20 C.F.R. § 416.929, SSR 96-7p. In order for pain or other subjective complaints to be considered disabling, there must be: (1) objective medical evidence of an underlying medical condition and (2) objective medical evidence that confirms the severity of the alleged disabling pain arising from that condition, or

-7-

(5:10 CV 00279)

objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *See Id.*; *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 117 (6th Cir. 1994); *Felisky v. Bowen*, 35 F.3d 1027, 1038-1039 (6th Cir. 1994); *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986).

Accordingly, the ALJ must first consider whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the individual's pain or other symptoms. *Id.* Next, after an underlying physical or mental impairment has been found to exist that could reasonably be expected to produce the claimant's pain or symptoms, the ALJ must assess the intensity, persistence, and limiting effects of the claimant's symptoms in order to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. *See Id.*

When a disability determination that would be fully favorable to the claimant cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the credibility of the claimant, considering the claimant's statements about pain or other symptoms in conjunction with the balance of the relevant evidence in the record and factors outlined in Social Security Ruling 96-7p. SSR 96-7p, 1996 SSR Lexis 4, 61 Fed. Reg. 34483, 34484-34485 (1990). These factors include: the claimant's daily activities; the location, duration, frequency and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any pain medication; any treatment, other than medication, that the claimant receives or has

(5:10 CV 00279)

received to relieve the pain; and the opinions and statements of the claimant's doctors. *Felisky*, 35 F.3d at 1039-40. Because the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination. *See Casey v. Secretary of Health & Human Servs.,* 987 F.2d 1230, 1234 (6th Cir. 1993). Despite that deference, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

A review of the ALJ's opinion in the instant case reflects that the ALJ applied the appropriate Agency and legal standards in assessing whether Hahn was disabled to due to his alleged symptoms. Substantial evidence supports the ALJ's assessment of Hahn's credibility. While the ALJ found that Hahn's impairments could reasonably be expected to produce the alleged symptoms, he found that Hahn's statements about the intensity, persistence, and limiting effects of the symptoms were not entirely credible. In reaching this finding, the ALJ considered the requisite factors mandated by SSR 96-7p, including the objective medical evidence, the effectiveness of Hahn's medication at relieving his pain, and the Hahn's daily activities. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

After considering the objective medical evidence, the ALJ reported that the "medical records do not corroborate Mr. Hahn's allegations of symptoms attributed to his impairments." (TR 21.) *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). In arriving at this conclusion, the record reveals that the ALJ reviewed the opinions and observations of Hahn's treating and examining physicians. While the ALJ acknowledged that medical

-9-

(5:10 CV 00279)

evidence indicates that "panic and anxiety are Mr. Hahn's primary problems" (TR 18), the ALJ found that "no treating source refers to Mr. Hahn as having incapacitating or debilitating symptoms that would prevent him from returning to the workplace." (TR 21.) The ALJ cited to the medical records of Hahn's treating physician, who opined that Hahn was able to function 'fairly well' in a low stress-environment. (TR 18-19.) Furthermore, the ALJ also highlighted that Hahn's medical records lacked any evidence of psychiatric hospitalizations to corroborate Hahn's assertion that his impairments were as severe as alleged. (TR 20.)

The ALJ also considered the effectiveness of Hahn's medication at relieving his pain. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). The ALJ found that the record as a whole demonstrated that Hahn's medications were successful in alleviating his symptoms and that the record lacked any evidence that the use of the prescribed medicine would interfere significantly with Hahn's ability to enter the workforce. (TR 20-21.) On more than one occasion, Hahn reported that his prescribed medication was effective in controlling his panic attacks. For instance, the record indicates that on June 2008, Hahn's treating physician noted that Hahn reported that his panic attacks were not as severe as before and that symptoms relating to his attention deficit disorder were improving.[2] (TR 251.)

---

[2] The ALJ also found Hahn's noncompliance with the recommended medical treatment as evidence that his statements regarding his pain were not fully credible (TR 20)–a permissible factor in determining one's disability status. *See* 20 C.F.R. § 416.930 (explaining the need to follow prescribed treatments and that failure to follow prescribed treatments without good reasons precludes a finding of disability).

(5:10 CV 00279)

The ALJ also considered Hahn's daily activities.  *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (acknowledging that "an ALJ may consider household and social activities in evaluating  complaints of disabling pain"); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(I).  The record revealed that Hahn's reports of his daily activities were inconsistent with his complaints of his disabling pain.  The ALJ noted the contradiction between Hahn's assertion that he was completely disabled and his testimony that he remains the primary care giver of his daughter and "that he gets her ready for school, spends time with her when she returns, prepares her dinner, and gets her ready for bed."  (TR 18.)  Additionally, the ALJ also noted that while Hahn alleged that he suffered from difficulty in concentrating, Hahn was, nevertheless, able to maintain sufficient concentration to play video games with his friends.  (TR 20.)

In sum, in compliance with the applicable Agency rules, the ALJ analyzed several factors specified in SSR 96-7 before concluding that Hahn's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely credible.  *See Stewart v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. Lexis 31139, *11 (N.D. Ohio 2011) (finding that even if the ALJ failed to consider a factor specified in SSR 97-6p, the ALJ's decision would still be entitled to deference because it is sufficiently clear and supported by substantial evidence on the record.).  Accordingly, the Court finds that the ALJ properly evaluated Hahn's credibility and the ALJ's findings were based upon substantial evidence.

(5:10 CV 00279)

### B. Substantial Evidence Supports ALJ's Determination at Step Five

In his second argument, Hahn alleges that the ALJ failed to meet the Agency's burden at Step Five of the sequential evaluation when the ALJ concluded that Hahn was capable of performing a significant number of jobs in the economy. (TR 22.) Specifically, Hahn argues that the ALJ erroneously disregarded portions of the Vocational Expert's ("VE") testimony and, instead, relied upon an incomplete response to a hypothetical question, that "resulted in an inaccurate depiction of Hahn." ECF No. 11 at 11. Hahn hinges this argument on the VE testimony that there would be no jobs available for an individual who was restricted to work that allowed an individual to be "off task" for more than 20% of the time or to be absent for more than 12 days a year. (TR 64-65.) Hahn reasons that because the record allegedly supports that he was entitled to a comparable restriction regarding the need to be excessively absent or off task for substantial period of time, the ALJ erred when he failed to fully adopt all of the hypothetical limitations presented to the VE and subsequently concluded that Hahn was capable of sustaining employment with limited social interaction. ECF No. 11 at 11.

Hahn's argument lacks merit. As the Sixth Circuit Court of Appeals has held, an ALJ is not obligated to consider a VE's response to questions based on information that the ALJ has decided is not supported by substantial evidence or is not credible. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Accordingly, in the case at hand, the ALJ was not required to rely on the VE's response to hypothetical limitations that were not reflected in the ALJ's RFC determination.

(5:10 CV 00279)

Hahn alleges that "there was support in the record for such limitations since anyone who examined [him] found that he would have interruptions based on psychologically based symptoms." (ECF No. 11 at 11). As discerned by counsel for the Agency, Hahn "does not and cannot point to any specific record evidence that supports such restrictions." ECF No. 14 at 11.

The ALJ adopted Dr. Carl Tishler's overall opinion regarding Hahn's ability to work under certain conditions. The ALJ's RFC determination does not, however, include Dr. Tishler's finding that Hahn was moderately limited in his "ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms." (TR 208.) The exclusion of this restriction is not error.

Courts have recognized that restrictions contained in Section I-Summary Conclusions of Mental RFC Assessments–the location of this restriction in Dr. Tishler's RFC report (TR 207-208)– are merely preliminary findings used to "aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the [actual] RFC assessment." See Yurek v. Comm'r Soc. Security, 2009 U.S. Dist. Lexis 78922, *18-19 (E.D. N.C. 2009). The record reveals that Dr. Tishler's overall opinion was, in spite of Hahn's limitations as noted by Dr. Tishler's preliminary findings, that Hahn was capable of being employed "in [a] static work environment w/ little social interaction." (TR 209.) Dr. Tishler's overall or ultimate opinion was adopted by the ALJ and consistent with the ALJ's RFC determination. (TR 19.) See Atkinson v. Comm'r Soc. Sec., 2010 U.S. App. Lexis 15691, *8 (10th Cir. 2010)

-13-

(5:10 CV 00279)

(finding that because the ALJ ultimately adopted the Dr.'s ultimate RFC determination, the Dr.'s exclusion of plaintiff's moderate limitation of being able to complete a normal workday and workweek without interruptions from psychologically based symptoms, was not an error.) Accordingly, the ALJ's exclusion of Dr. Tishler's preliminary findings from his RFC analysis is not error.

### VI. Conclusion

For the reasons provided above, the Court affirms the Agency's final decision in its entirety.

IT IS SO ORDERED.

| | |
|---|---|
| March 29, 2011 | /s/ Benita Y. Pearson |
| Date | United States District Judge |